UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBIE BOWEN,

        Plaintiff,

  v.

                                      Case No. 23-64-pp

CO WALKER, JOHN DOE CERT TEAM #1,
JOHN DOE CERT TEAM #2,
JOHN DOE CERT TEAM #3,
JOHN DOE CERT TEAM #4,
JOHN DOE CERT TEAM #5,
JOHN DOE WARDEN AND CO GONZALEZ,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

On January 17, 2023, the plaintiff filed a complaint against the defendants for events that occurred in the Milwaukee County Jail sometime between January 17 and February 3, 2020. Dkt. No. 1 at ¶1. The complaint alleges that while the plaintiff was housed in the mental health unit, officers showered another incarcerated person in the room next to the plaintiff's cell. The plaintiff believes that feces from the shower contaminated his cell. Id. The plaintiff alleges that defendant Walker touched his cell door with feces on his glove and body and that defendant Gonzalez ignored his pleas for help. The plaintiff seeks $500,000 in damages. Id. at ¶23. Along with his complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

1

## I. Plaintiff's Ability to Pay the Filing Fee

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says he is not employed, provides $22 per month to his twenty-one-year-old son and receives $25 per month from his mother. Dkt. No. 2 at 2. The plaintiff has monthly expenses totaling $30 for medication. Id. at 3. He owns no property of value. Id. at 4. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee.

The plaintiff should be aware that he is still responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff is representing himself, the court must liberally construe the allegations of complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    A.    Facts Alleged in the Complaint

The plaintiff alleges that "between January 17, 2020 through February 3, 2020," he was in a mental health unit in the Milwaukee County Jail. Dkt. No. 1 at ¶1. At least five John Doe team members brought another incarcerated person into the shower room next to the plaintiff's cell. Id. Allegedly, the other incarcerated person was strapped to a chair covered in feces and the team members were trying to get the feces off that person. Id. The plaintiff alleges that the water from the shower—contaminated with feces—started running into his cell. Id.

The plaintiff says that he said through his cell window, "Chill stop, bangging [sic] on the door," because the contaminated water was flooding his cell. Id. at ¶2. The plaintiff alleges that he then noticed a "cert" [Correctional

3

Emergency Response Team] team member with the name "Walker" on the back of his helmet, so the plaintiff started yelling, "Chill," saying that "yall" were flooding his cell with "doo, doo water." Id. at ¶3. The plaintiff asserts that out of nowhere, Walker "retaliate[d]", committing negligence and deliberate indifference by allegedly "putting his gloved hand & body" on the plaintiff's cell door knowing that he had feces on his body and glove. Id. at ¶4. The plaintiff recounts, "Now me & Walker is having Word(s)," and that the plaintiff was yelling "all type of stuff at Co. Walker." Id. at ¶5. The plaintiff says he asked Walker what the plaintiff did to Walker; he says another CERT member was recording this exchange. Id. The plaintiff demands damages for "pain, sinus issues, embarrassment, mental health issues, couldn't sleep for smell of feces or eat for day(s) because of feces" and "some type of rash dev on [his] butt days latter [sic]." Id. at ¶6. The plaintiff points out that this all occurred during COVID. Id.

The plaintiff asserts that he was not allowed to have sheets, blankets or clothes, which meant he couldn't use any of those things to stop the water from coming under the cell door. Id. at ¶10. He says he was left locked in the contaminated cell for days. Id. at ¶9.

The plaintiff says that he is suing all five CERT members for cross contaminating the institution during COVID by bringing someone into the mental health unit covered in feces, id. at ¶8, and defendant Gonzalez because he didn't do anything to help when the plaintiff asked, id. at ¶13. The plaintiff believes that Gonzalez retaliated against him by leaving him in the cell for

4

"day(s)." Id. at ¶14. He says he even asked Gonzalez to let him clean his cell himself, with no relief. Id. at ¶15. The plaintiff names Warden John Doe for turning a "blind eye to the aforesaid Due Process violations," failing to control his employees and "wanton misconduct." Id. at ¶16. In addition to the $500,000 in damages he is seeking, the plaintiff adds that he has sinus issues and says that he is afraid to go anywhere near the police. Id. at ¶23.

B.  Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court will assume that the plaintiff, who was in a mental health unit at the Milwaukee County Jail, was a pretrial detainee. As a pretrial detainee, his conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard. Kemp v. Fulton Cty., 27 F.4th 491, 495 (7th Cir. 2022) (citing Hardeman v. Curran, 933 F.3d 816 (7th Cir. 2019)). For screening purposes, the court will apply the Eighth Amendment standard to all the plaintiff's allegations, because the Seventh Circuit has held that "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." Lewis v. Downey, 581 F.3d 467, 475 (7th Cir. 2009).

5

To prevail on his claim that his conditions of pretrial confinement violated the Constitution, the plaintiff must prove that (1) the conditions in question are or were objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015). The unreasonableness of the plaintiff's conditions of confinement depends on the severity and duration of his exposure to the conditions. Hardeman v. Curran, 933 F.3d 816, 823 (7th Cir. 2019). A plaintiff has a right to live in an environment that is free of accumulated human waste. Id. At the same time, a single clogged toilet does not violate this right. Id.

The plaintiff does not describe how much contaminated water flooded his cell or for how long the contaminated water remained in his cell; he says "day(s)." Dkt. No. 1 at 2. He references sinus infections and says that, days later, he developed a rash on his butt. He doesn't specifically say that the sinus infection and rash resulted from his exposure to contaminated water in his cell. The plaintiff says that Walker touched his door with a contaminated "gloved hand & body," dkt. no. 1 at ¶4, and that Walker and Gonzalez refused his pleas for help. He claims that Gonzalez left him in the cell for "day(s) unclean & unsanitary . . . feces water." Dkt. No. 1 at ¶14. Construing the allegations in the light most favorable to the plaintiff, the plaintiff has claimed that his cell flooded with contaminated water and remained in that condition for more than

6

one day, that Walker and Gonzalez heard—and ignored—the plaintiff's requests for assistance and that the plaintiff suffered physical injuries because of the contamination. The court will allow the plaintiff to proceed against Walker and Gonzalez.

The court will dismiss Warden John Doe because he cannot be held liable merely because he held a supervisory position. To show that a supervisor is liable under §1983, a plaintiff must show that the supervisor was "personally responsible for the deprivation of the constitutional right." Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012). The court will also dismiss the other John Doe CERT Team Members, because the plaintiff has not alleged that they were personally involved in the alleged violations of his constitutional rights.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** Warden John Doe and the John Doe defendants.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants CO Walker and CO Gonzalez under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per

7

Case 2:23-cv-00064-PP   Filed 06/19/23   Page 7 of 8   Document 6

item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Walker and Gonzalez to answer or otherwise respond to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**