UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBIE BOWEN,

        Plaintiff,

v.

        Case No. 23-cv-64-pp

CO WALKER and CO GONZALEZ,

        Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 26)**

On January 2, 2025, the court received from the plaintiff a document titled "Re: Imminent Danger – Find Appointment of Counsel Motions." Dkt. No. 26. The clerk's office docketed this document as the plaintiff's second motion to appoint counsel.

In April the plaintiff filed his first motion to appoint counsel, dkt. no. 22, and the court granted that motion on June 4, 2024, dkt. no. 23. The court told the plaintiff that it would work to recruit a volunteer attorney for him, starting with posting a description of the plaintiff's case on the court's webpage designed for recruiting volunteer counsel. Id. at 11. The court warned the plaintiff that he "should be aware that the recruitment process may take some time" and that the court "[could not] predict how long it may take for an attorney to volunteer to take the plaintiff's case." Id.

1

The court has done what it told the plaintiff it would do and posted the following description of the plaintiff's case on its website:

> ***Bowen v. Walker, et al.*, 23-cv-64-PP.** The court is seeking a lawyer to represent a *pro se* plaintiff who alleges that correctional officers at the Milwaukee County Jail violated his constitutional rights when they washed an inmate covered in feces in the room adjacent to the plaintiff's cell, resulting in contaminated water running into the plaintiff's cell. The plaintiff alleges that correctional officers ignored his requests for them to stop filling his cell with contaminated water and ignored his requests for his cell to be cleaned, causing the plaintiff to be locked in a contaminated cell for days. The court screened the plaintiff's complaint and is allowing him to proceed with a §1983 conditions-of-confinement claim against two correctional officers. The lawyer who accepts the appointment would engage in discovery and respond to any dispositive motions. Please see Judge Pepper's screening order and order granting the plaintiff's motion for appointment of counsel for more information.

The court reiterates that the process of recruiting volunteer counsel can take time and encourages the plaintiff to be patient. "[T]here are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). Because the court already is attempting to recruit counsel for the plaintiff, the court will deny as moot his second motion to appoint counsel. When an attorney has been recruited the court will notify the plaintiff and forward the required paperwork to him.

In his motion, the plaintiff also asked the court to re-send to him copies of documents he previously had requested. Dkt. No. 26-1 at 1. The plaintiff requested these documents (an exhibit to his first motion for appointment of counsel and a "1983 packet to file a lawsuit") on December 16, 2024 (Dkt. No. 25) and the clerk's office sent them to the plaintiff at his home address rather

2

than at the Milwaukee County Jail where he is now incarcerated. The court will include the exhibits to the plaintiff's first motion (Dkt. No. 22-1) and the "1983 packet" with this order.

The court **DENIES AS MOOT** the plaintiff's second motion for appointment of counsel. Dkt. No. 26

Dated in Milwaukee, Wisconsin this 3rd day of January, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**